Hollabaugh v. State 









Â 





IN THE
TENTH COURT OF APPEALS
 

No. 10-93-269-CR

Â Â Â Â Â WILLIAM BRUCE HOLLABAUGH,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â v.

Â Â Â Â Â THE STATE OF TEXAS,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
 

From the 40th District Court
Ellis County, Texas
Trial Court # 16989
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

O P I N I O N
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â On August 22, 1989, a jury found William Hollabaugh guilty of bribery and assessed
punishment at three years probation and a $700 probated fine. On August 24, 1993, Hollabaugh
filed a motion to recuse Judge Gene Knize along with a letter to the Senior District Judge
requesting the appointment of a visiting judge to "approve an Order Discharging Defendant from
Probation." The motion to recuse was heard and denied by visiting Judge Kenneth Douglas, who
was assigned to hear the motion.
Â Â Â Â Â Â All of Hollabaugh's points relate to the denial of the recusal motion. The recusal of judges
in criminal cases is governed by Rule 18a of the Texas Rule of Civil Procedure. DeBlanc v. State,
799 S.W.2d 701, 705 (Tex. Crim. App. 1990); McDuffie v. State, 854 S.W.2d 195, 201 (Tex.
App.âBeaumont 1993, no pet.). Rule 18a provides that the motion "shall be verified and must
state with particularity the grounds why the judge before whom the case is pending should not sit." 
Tex. R. Civ. P. 18a(a). The language of the rule makes the verification mandatory. Id. The
standard of review on the denial of a recusal motion is an abuse of discretion. Id. 18a(f).
Â Â Â Â Â Â Hollabaugh did not verify his motion to recuse; therefore, Judge Douglas did not abuse his
discretion when he denied the unverified motion. Accordingly, we overrule all points of error. 
However, even if we considered the motion on the merits, upon examination of the record, we fail
to find any abuse of discretion. 
Â Â Â Â Â Â In his first point, Hollabaugh contends that Judge Douglas did not have the authority to hear
the recusal motion because Judge Douglas did not have an oath of office on file. That complaint
was never raised in the trial court. Moreover, the record does not reflect that Judge Douglas did
not have the requisite oath. We overrule the first point.
Â Â Â Â Â Â Hollabaugh argues in his second point that the evidence is "sufficient to support his motion
of recusal on the grounds of prejudice." As previously noted, the standard for reviewing the
denial of a motion to recuse is abuse of discretion. Id. The record does not reflect an abuse of
discretion. We overrule point two.
Â Â Â Â Â Â Rule 18b(2)(e) provides that a judge is recused if "he knows that he, individually or as a
fiduciary . . . has a financial interest in the subject matter in controversy . . . or any other interest
that could be substantially affected by the outcome of the proceeding." Id. 18b(2)(e). In his third
point, Hollabaugh is apparently arguing that Judge Knize should be recused because he has a
"fiduciary/financial interest" in a civil suit Hollabaugh filed against Ellis County concerning the
Constable's salary. Evidently, the suit is still pending. As best we can determine, Hollabaugh
is contending that Judge Knize, as district judge in Ellis County, has a fiduciary or financial
interest in the civil suit by virtue of the district court's general supervisory control over the
commissioners' court. See Tex. Const. art. V, Â§18(b). However, Judge Douglas apparently
found that the relationship between the District Court and the Commissioners Court was too
remote to support any contention of interest by the district judge in a suit against the
Commissioners Court. We find no abuse of discretion and overrule the third point.
Â Â Â Â Â Â Â We affirm the judgment. 
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â BOB L. THOMAS
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Chief Justice

Before Chief Justice Thomas,
Â Â Â Â Â Â Â Â Â Â Justice Cummings, and
Â Â Â Â Â Â Â Â Â Â Justice Vance
Affirmed
Opinion delivered and filed April 20, 1994
Do not publish



ily:"Palatino","serif"'>   Therefore, we abate this
appeal to the trial court for a hearing to determine:

(1)Â Â 
why Currie has
failed to file the reporterÂs records for these appeals;

Â 

(2)Â Â 
CurrieÂs current
contact information, so the Clerk of this Court will have an address and a telephone
number by which she can communicate with Currie;

Â 

(3)Â Â 
a date certain[3]
within a reasonable period of time when the reporterÂs record will be filed in
each appeal; and

Â 

(4)Â Â 
whether any
sanctions should be imposed on Currie.

Â 

Â Â Â Â Â Â Â Â Â Â Â  The trial court shall: (1)
conduct the hearing within twenty-one (21) days after the date of this Order;
(2) prepare any necessary findings of fact and conclusions of law; and (3) sign
a written order consistent with the requirements of this Order.

Â  Â Â Â Â Â Â Â Â Â  The district clerk shall
file a supplemental clerkÂs record containing a copy of (1) the trial courtÂs
findings of fact and conclusions of law and (2) the trial courtÂs order with
the Clerk of this Court within thirty-five (35) days after the date of this
Order.

Â Â Â Â Â Â Â Â Â Â Â  Unless the parties waive the
making of a reporterÂs record in the abatement hearing, the trial courtÂs
current official court reporter is ordered to prepare and file a supplemental
reporterÂs record of the abatement hearing with the Clerk of this Court within
thirty-five (35) days after the date of this Order.

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  PER
CURIAM

Â 

Â Â Â Â Â Â Â Â Â Â Â  

Before
Chief Justice Gray,

Â Â Â Â Â Â Â Â Â Â Â  Justice
Reyna, and

Â Â Â Â Â Â Â Â Â Â Â  Justice
Davis

Order
issued and filed June 2, 2010

Do
not publishÂ Â Â Â Â Â Â Â  

Â 

Â 









[1]
Â Â Â Â Â Â Â Â Â Â Â Â Â  The Clerk mailed
this notice to Currie by regular mail and by certified mail, return receipt
requested.Â  Currie failed to claim the letter sent to her by certified mail.





[2]
Â Â Â Â Â Â Â Â Â Â Â Â Â  These are the only
reportersÂ records which Currie is presently responsible for filing in this
Court.

Â 





[3]
Â Â Â Â Â Â Â Â Â Â Â Â Â  These dates should
be set sequentially so that the oldest record (Cooks) is filed first.